UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Konrad Korzeniowski | : | Demand:    Trial by Jury |
| Plaintiff, | : | 2009 SEP 25  P 2: 07 |
| Vs. | : | Civil No. |
| | : | 3:09CV1517 JCH |
| Academy Collection Services | : | |
| a.k.a Monarch Recovery Management | : | Date: September 25, 2009 |
| Keith Dickstein | : | |
| William Fuller | : | |
| Diane Mazzacano | : | |
| Sharon M. Tarallo | : | |
| Bruce Gelting | : | |
| Individually and official capacity | : | |
| Defendant's | : | |

## COMPLAIN

### 1. INTRODUCTION

1. This is a Complain for statutory damages, putative damages, actual damages brought by the Plaintiff, Konrad Korzeniowski, against Defendant, Academy Collection Services for violation of the Fair Debt Collection Practices Act ( hereinafter, "FDCPA"), 15.U.S.C. § 1692,et seq, Violation Conn.Gen.Stat. Sec§ 42-110a Unfair Business Practices , violation Conn.Gen.Stat §36a-648,violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a)

### 2. JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1331 and pursuant to 15.U.S.C . §1331 and pursuant to 15 U.S.C. § 1692k (d). Venue before this Court is proper pursuant to 28 U.S.C. §1409.
3. This action arises out of the Defendants' violation of the Fair Debt Collection Practices Act 15U.S.C § 1692, et seq and Conn.Gen.Stat. Sec§ 42-110a , Conn.Gen.Stat §36a-648 and Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a)
4. Venue before this Court is proper in that the actions and transactions occurred here, the Plaintiff resides here and Defendant transacted business here.

### 3.PARTIES

5. The Plaintiff, Konrad Korzeniowski , is a resident citizen of the State of Connecticut, and is over the age of 21 years old.

6. The Defendant, Academy Collection Services is a debt collectors with a principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154. The Defendant's principal purpose is to collect

debts using the mail and telephone harassment process. The Defendant regularly attempts to collect debts alleged to be due another.

7. The Defendant, Academy Collection Services, is a debt collector ad defined by the FDCPA, 15 U.S.C. § 1692 (a) (6).

8. The Defendant, Keith Dickstein is a advisor to Academy Collection Services a.k.a Monarch Recovery Management, Inc, actively involved with a debt collection with a principal place of business located at 10964 Decatur Road, Philadelphia, PA 19154. The Defendant principal purpose is to collect debts using the mail and telephone harassment process and procedure. The Defendant regularly oversees attempts to collect debts alleged to be due another.

9. The Defendant, William Fuller President and Chief Operating Officer of Academy Collection Services a.k.a Monarch Recovery, actively involved with a debt collection with a principal place of business located at 10964 Decatur Road, Philadelphia, PA 19154. The Defendant principal purpose is to collect debts using the mail and telephone harassment process and procedure. The Defendant regularly oversees attempts to collect debts alleged to be due another.

10. The Defendant, Diane Mazzacano is a Senior Vice President and Chief Administrative Officer of a Academy Collection Services a.k.a Monarch Recovery, actively involved with a debt collection with a principal place of business located at 10964 Decatur Road, Philadelphia, PA 19154. The Defendant principal purpose is to collect debts using the mail and telephone harassment process and procedure. The Defendant regularly oversees attempts to collect debts alleged to be due another.

11. The Defendant, Sharon M. Tarallo who is a Senior Vice President and Chief People Officer of Academy Collection Services a.k.a Monarch Recovery, actively involved with a debt collection with a principal place of business located at 10964 Decatur Road, Philadelphia, PA 19154. The Defendant principal purpose is to collect debts using the mail and telephone harassment process and procedure. The Defendant regularly oversees attempts to collect debts alleged to be due another.

12. Bruce Gelting is a Chief Executive Officer and General Counsel of Academy Collection Services a.k.a Monarch Recovery, actively involved with a debt collection with a principal place of business located at 10964 Decatur Road, Philadelphia, PA 19154. The Defendant principal purpose is to collect debts using the mail and telephone harassment process and procedure. The Defendant regularly oversees attempts to collect debts alleged to be due another.

13. The Defendant, Academy Collection Services, is a debt collector ad defined by the FDCPA, 15 U.S.C. § 1692 (a) (6) .

### 4. FACTUAL ALLEGATION

14. On or about November 30, 2008, Defendant, Academy Collection Services, sent a dunning collection letter to the Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. Sec. 1992(a)(2).

15. During November 27, 2008 and February 09, 2009 Defendant Academy Collection Services made several calls to Plaintiff demanding money.

16. Those phone calls where harassment of execution judgment, suing Plaintiff for actual damages, putative damages and attorney fee if plaintiff not going to pay a debt.

17. On numerous occasions in connection with the collection of debt, the defendants have represented to consumer, expressly or by implication that the consumer can be arrested or imprisoned for failing to pay the Academy Collection Services

18. On numerous occasions in connection with the collection of a debt, Academy Collection Services made treating calls to a place of employer even know that Plaintiff send cease communication letter that prohibit any phone calls to a place of employment.

19. On numerous occasions in connection with the collection of a debt, Plaintiff received a phone call Academy collection services. During the course of the conversation, Plaintiff disputed the debt was his and that he ever had the account. Plaintiff repeatedly asked the collector not to call him or to report the debt on his credit report. Academy collection Services say "We're not ever going to stop calling you or harassing you if you not pay your debt".

### COUNT 1

### VIOLATION OF FAIR DEBT COLLECTION PRACTIES ACT ( FDCPA)

20. Plaintiff incorporates by reference all of the foregoing paragraphs

21. The Defendant violated 15 U.S.C § 1692 e(5) by threatening to take action which could not legally be taken or that was not intended to be taken.

22. The Defendant violated 15 U.S.C. Sec. 1692e(10) by using false, deceptive or misleading representation or means in attempt to collect an alleged debt.

23. The Defendant violated 15.U.S.C Sec 1692e(2) by giving a false representation of the character, amount or legal status of any debt.

24. The Defendant violated 15 U.S.C. Sec 1692 (d) through its conduct, the natural consequence of which was to harass, oppress or abuse the Plaintiff.

25. The Defendant's violation of 15 U.S.C Sec. 1692 , et seq renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C Sec 1692k

26. Therefore, the Defendant's representations as set forth in Paragraph 14 to 19 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C Sec. 45(a)

## COUNT 2

27. On numerous occasions, in connection with the collection of debts, the Defendants have communicated with third parties for purpose other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonable necessary to effectuate a post judgment, judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C Sec 1692c (b)

## COUNT 3

28. On numerous occasions, in connection with the collection of debts, defendant have communicated with a consumer after the consumer has notified the Defendant in writing that the consumer refuses to pay a debt or have the consumer wished the debt collector to cease further communication with the consumer, in violation of Section 805 C of the FDCPA, 15 U.S.C Sec 1692c(c).

## COUNT 4

29. On numerous occasion, in connection with the collection of a debt, Defendant have used false, deceptive or misleading representations or means, in violation of Section 807 of the DFCPA, 15 U.S.C. Sec. 1692e, including but not limited to;

a. falsely representing the character, amount or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C Sec 1692e(2)(A);

b. Falsely representing or implying that an individual is an attorney or that a communication is from an attorney in violation of Section 807 (3) of the FDCPA, 15 U.S.C Sec 1692 e(3);

c. Falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person or the seizure, garnishment or attachment of a person's property or wages, when such action is not lawful or when the Defendants have no intention of taking such action, in violation of Section 807 (3) of the FDCPA, 15 U.S.C Sec 1692e (4);

d. Threatening to take action that is not lawful or the Defendants do not intend to take, such a filling a lawsuit, in violation of Section 807 (5) of the FDCPA, 15 U.S.C Sec. 12692 e (5);

e. Threatening to communicate with any person credit information that the Defendants know or should have know to be false, in violation of Section 807 (8) of the FDCPA 15 U.S.C Section 1692 e(8) or

f. Using flase representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Sec 807(10) of the FDCPA, 15 U.S.C Sec. 1692 e (10)

## COUNT 5

30. In numerous occasions, in connection with the collection of a debt, when the consumer has notified the Defendants in writing whit in the thirty day period pursuant to Section 809 (A)of the FDCPA, 15 U.S.C Sec 1692g(a) that the debt, or any portion thereof, is disputed, the Defendants have continued to attempt to collect the debt before the verification of the debt was provided to the consumer, in violation of Section 809 (b) of the FDCPA 15 U.S.C Sec 1692g(b)

### CIVIL PENALTY FOR VIOLATION OF CONNECTICUT PENAL CODE

31. Pursuant to Conn. Gen. Stat. Sec 420110b Defendant intentionally doing Unfair and Deceptive business Practices and shall be punished by law to maximum penalty of $25,000 for each violence and allowed by Connecticut Penal Code, Title 52 a, Sec 53a-25 and Conn. Gen. Stat. Sec 421-110b

32. Defendant shall be punished class D felony threatening 2nd degree up to $2,000 for each violence and 3 months in prison

### CIVIL PENALTY OF VIOLATIONS OF THE FDCPA

33. Defendants Academy Collection Services, violated the FDCPA as described above , with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C Sec 45 (m)(1)(a)

34. Section 5(m) (1) (A) of the FTC Act, 15 U.S.C. Sec 45 m(1)(A), as modified by Sec 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990 , 28 U.S.C Sec. 2461 , as amended, and as implemented by 16 C.F.R Sec. 1.98d(2007), authorized the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

### DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT HAS A POWER TO GRANT RELIEF

35. Section 13 (b) of the FTC Act, 15 U.S.C Sec. 53 b, and Sec. 814 b of the FDCPA , 15 U.S.C , empower the Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution to prevent and remedy any violation of any provision of law enforced by the FTC.

36. District Court for the District of Connecticut has full Diem of punish Defendant for Unlawful and Deceptive business practices, Violation of FTC, FDCPA.

38. District Court of Connecticut, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by the Defendant law violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests this Honorable Court enter judgment against the Defendant, for the following

a) Actual Damages;

b) Putative and emotional damages as mention below of $ 50,000

c) Maximum statutory damages of $ 55,000 pursuant to Section 5(m) (1) (A) of the FTC Act, 15 U.S.C. Sec 45 m(1)(A), as modified by Sec 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C Sec. 2461, as amended, and as implemented by 16 C.F.R Sec. 1.98d(2007)

d) Permanently enjoying Academy Collection Services from engaging directly or indirectly, in the occupation of a debt collector; and their employees, officer, directors, agents, successors, assignees, affiliates, merged, or acquired predecessors, parent, or controlling entities, subsidiaries, and all other person activity in concert or participation with them, from engaging in deceptive practices or making false and misleading statement with is violation of Fair Debt Collection Practices Act Sec 62 (a) (s) of the FCRA 15 U.S.C Section 5(a) of the FTC Act 15 U.S.C Sec 45(a), in violation of Sec. 807(10) of the FDCPA 15 U.S.C Sec 1692e(10)

e) Cost and reasonable attorney fees pursuant to 11 U.S.C Sec 362 (k) (1) and 15 U.S.C Sec 1682K and

f) Award plaintiff such other further relief as is just and proper.

I have suffered from the following due to, or made worse by action of the Defendant's debt collection activities;

1. Sleeplessness
2. Fear of answering the telephone
3. Nervousness
4. Fear of answering the door
5. Embarrassment when speaking with family or fiends
6. Depress ions( sad, anxious, or " empty" moods)
7. Chest pains
8. Feelings of hopelessness, pessimism
9. Loss of appetite and weight loss
10. Thoughts of death, suicide or suicide attempts
11. Restlessness or irritability
12. Headache, nausea, chronic pain or fatigue
13. Negative impact on my job
14. Negative impact on my relationships.

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

I have so disturbed by this companies repeated calls 3-5 times per day, continuously calls to my place of employment, even thought repeatedly asked them not to call my place of employment. They were even rude to my employer threatening to suspend or fire me if they called again. I lost my job due to their numerously phone calls to my place of employment. I could not contract them which lost my feeling of anxiousness, nervousness and depressing. Those harassment calls make me sick, have headache, and nausea and high blood pressure.

Pursuant to 28 U.S.C Sec 1746 (2), I hereby declare or certify, verify or state under penalty of perjury that the foregoing is true and correct

September 23, 2009               /s/Konrad Korzeniowski
Date                             Signed Name

                                 *Konrad Korzeniowski* (signature)

                                 Konrad Korzeniowski

                                 Printed Name


                                 Respectfully Submitted
/s/Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
Phone : 860 -595-9436
Fax: 866-796-3839